IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARY M. KURTZ, | ) | CASE NO. 1:14 CV 51 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ONSLOW COUNTY, | ) | |
| NORTH CAROLINA, | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* plaintiff Mary Kurtz filed the above captioned action against Onslow County, North Carolina. In the complaint, plaintiff alleges the defendant placed a block on her driver's license renewal because she owes court costs from a traffic case. She contends she paid the amount she was assessed in the case and requests that this Court order the block to be removed. She also seeks monetary relief.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

**Factual and Procedural Background**

Plaintiff contends she was issued a traffic citation on October 5, 2011 in Jacksonville, North Carolina. She contested the citation, but was found guilty of the charge. She informed the judge she wished to appeal the decision and was taken to jail until she posted bond. She returned to court on February 27, 2012. She claims the charge was reduced to a non-moving violation. She

does not indicate the sentence she received.

Plaintiff moved to Ohio in April 2013. She states she discovered her driver's license was missing in November 2013. She attempted to obtain a new license, and was told there was a block on her license from North Carolina that prevented her from renewing her license or obtaining a new one. She called the Clerk of Court in North Carolina and was told there were unpaid "fees" in the amount of $3,000.00. She disputed the accuracy of the amount owed, and provided documentation to Oslow County. She received a letter from the Oslow County Court in December 2013 stating she still owed money to the court. Plaintiff indicates the amount owed was different from the amount she was told when she telephoned the court. The block on her license remains in effect.

Plaintiff filed five addendums to her complaint to illustrate how difficult it is for her without a driver's license. She indicates she registered for college classes just to obtain a student identification card. She states she has been unable to purchase tobacco products or gain entry into a casino. She indicates she also lost her military identification and cannot obtain a new card without a valid driver's license.

### Standard of Review

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised

on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombley*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

## Discussion

As an initial matter, venue for this action is not proper in the Northern District of Ohio. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants reside in the same state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the Court's personal jurisdiction with respect to such action. The only defendant is a political subdivision in the State of North Carolina. The fees in question were assessed by a court in Onslow County, North Carolina. Onslow

County requested the hold on plaintiff's driver's license renewal. Venue is proper only in the Eastern District of North Carolina, where Onslow County is located.

Title 28 U.S.C. § 1406(a) provides that an improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. For the reasons stated below, the court finds that it would not be in the interest of justice to transfer this matter, and this action is therefore dismissed.

Plaintiff does not identify a legal claim or cause of action which entitles her to relief. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them. *Beaudett*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Moreover, plaintiff's failure to identify a particular legal theory in her complaint places an unfair burden on the defendant to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown*, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently identify the federal or state law claim or claims upon which she intends to base her action.

### Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: June 19, 2014

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.